PER CURIAM.
The Judicial Qualifications Commission filed its recommendation that Michael Cyc- *757 manick be removed from office as a judge in the Ninth Judicial Circuit due to his alcoholism. We have jurisdiction. Art. V, § 12(f), Fla. Const.
The Commission filed a notice of formal charges on September 22, 1997, and held hearings on those charges on December 8, 1997, and March 4,1998. After Cyemanick’s conduct on January 2, 1998, the Commission, on January 6, requested that he be suspended pending completion of these disciplinary proceedings. Cyemaniek did not object to the request for suspension. Although it had the authority to do so, the Commission did not request that Cyemaniek be suspended without pay at that time. On January 8, 1998, this Court granted the Commission’s request that Cyemaniek be suspended.
On February 26, 1998, Cyemaniek submitted his irrevocable resignation effective March 30, 1998. The governor accepted his resignation on March 9, 1998. The Commission continued with its final hearing on March 4, 1998, and, on March 17, 1998, filed its findings, conclusions, and recommendation for the removal of Judge Cyemaniek.
On March 30, 1998, the respondent filed a motion to dismiss the cause as moot due to his recent resignation. In its April 8, 1998, response, the Commission asserted that this Court still had jurisdiction over the matter in view of the 1996 amendment to article V, section 12, Florida Constitution. The Commission recommended that we now require Cyemaniek to repay the salary he received between the date of his suspension (January 8, 1998) and the date of his resignation (March 30,1998).
While we have jurisdiction to proceed with this matter, we decline to do so since the Commission chose not to request suspension without pay when it submitted the matter to us in January. While Cycman-ick’s suspension without pay may have been appropriate at that time, to require repayment now would, in our view, be neither fair nor proper. The proper result has been obtained; Cyemaniek is no longer a judicial officer of this state. Accordingly, no further action in this proceeding is necessary and this cause is dismissed,
jt jg g0 or(jere(j.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.